**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TEVA PHARMACEUTICALS INTERNATIONAL GMBH, CEPHALON, INC., AND EAGLE PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN LABORATORIES LIMITED,<br><br>Defendant. | Case No. 1:17-cv-01790-GMS |

**DEFENDANT MYLAN LABORATORIES LIMITED'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Mylan Laboratories Limited (hereinafter "MLL"), by its attorneys, answers the Complaint of Plaintiffs Teva Pharmaceuticals International GmbH ("Teva Pharmaceuticals"), Cephalon, Inc. ("Cephalon"), and Eagle Pharmaceuticals, Inc. ("Eagle") (collectively, Plaintiffs) as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendant's submission of Abbreviated New Drug Application ("ANDA") No. 210827 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of BENDEKA® (bendamustine hydrochloride) Injection, 100 mg/4 mL (25 mg/mL) ("BENDEKA®") prior to the expiration of U.S. Patent Nos. 8,791,270 ("the '270 patent"); 8,609,707 ("the '707 patent"); 9,265,831 ("the '831 patent"); 9,572,796 ("the '796 patent"); 9,572,797 ("the '797 patent"); 9,034,908 ("the '908 patent"); 9,144,568 ("the '568

patent"); 9,572,887 ("the '887 patent"); 9,597,397 ("the '397 patent"); 9,597,398 ("the '398 patent"); 9,597,399 ("the '399 patent"); 9,000,021 ("the '021 patent"); and 9,579,384 ("the '384 patent") (together, "the Orange Book patents").

**ANSWER:** MLL admits that Plaintiffs purport to bring this action under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendant's submission of Abbreviated New Drug Application ("ANDA") No. 210827 to the U.S. Food and Drug Administration ("FDA") for a generic version of BENDEKA® (bendamustine hydrochloride) Injection, 100 mg/4 mL (25 mg/mL) ("BENDEKA®") prior to the expiration of U.S. Patent Nos. 8,791,270 ("the '270 patent"); 8,609,707 ("the '707 patent"); 9,265,831 ("the '831 patent"); 9,572,796 ("the '796 patent"); 9,572,797 ("the '797 patent"); 9,034,908 ("the '908 patent"); 9,144,568 ("the '568 patent"); 9,572,887 ("the '887 patent"); 9,597,397 ("the '397 patent"); 9,597,398 ("the '398 patent"); 9,597,399 ("the '399 patent"); 9,000,021 ("the '021 patent"); and 9,579,384 ("the '384 patent") (together, "the Orange Book patents").

## PARTIES

2. Plaintiff Teva Pharmaceuticals International GmbH is a limited liability company organized and existing under the laws of Switzerland, having its corporate offices and principal place of business at Schlüsselstrasse 12, Jona (SG) 8645 Switzerland.

**ANSWER:** MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies those allegations.

3. Plaintiff Cephalon, Inc. is a corporation organized and existing under the laws of Delaware, having its corporate offices and principal place of business at 41 Moores Road, Frazer, Pennsylvania 19355.

**ANSWER:** MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies those allegations.

4. Plaintiff Eagle Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having its corporate offices and principal place of business at 50 Tice Boulevard, Suite 315, Woodcliff Lake, New Jersey 07677.

**ANSWER:** MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies those allegations.

5. On information and belief, defendant Mylan Laboratories Limited ("Mylan") is a company organized and existing under the laws of India with a principal place of business at Plot No. 564/A/22, Road No. 92, Jubilee Hills, Hyderabad 500034, India.

**ANSWER:** MLL admits that Mylan Laboratories Limited is a company organized and existing under the laws of India with a principal place of business at Plot No. 564/A/22, Road No. 92, Jubilee Hills, Hyderabad 500034, India.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** Paragraph 6 contains conclusions of law to which no response is required. To the extent a response is required, MLL denies that this court has subject matter jurisdiction over any Declaratory Judgment causes of action.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b), at least because, on information and belief, Mylan is a foreign company that may be sued in any judicial district in the United States in which it is subject to the Court's personal jurisdiction. As set forth *infra*, Mylan is subject to the Court's personal jurisdiction in this District.

**ANSWER:** Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, MLL denies that venue is proper in this district. MLL denies that it is subject to personal jurisdiction in this district. MLL consents to personal jurisdiction and venue in the Northern District of West Virginia.

8. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Mylan.

**ANSWER:** Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, MLL denies that personal jurisdiction is proper in this district. MLL denies the remaining allegations in this paragraph. MLL consents to personal jurisdiction and venue in the Northern District of West Virginia.

9. This Court has personal jurisdiction over Mylan because, on information and belief, Mylan has engaged in a persistent course of conduct within Delaware by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Delaware.

**ANSWER**: Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, MLL denies that personal jurisdiction is proper in this district. MLL denies the remaining allegations in this paragraph.

10. In addition, this Court also has personal jurisdiction over Mylan because, among other things, on information and belief: (1) Mylan has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the generic product described in ANDA No. 210827 in the United States, including in Delaware; and (2) Mylan will market, distribute, offer for sale, and/or sell the generic product described in ANDA No. 210827 in the United States, including in Delaware, upon approval of ANDA No. 210827, and will derive substantial revenue from the use or consumption of the generic product described in ANDA No. 210827 in the State of Delaware. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, if ANDA No. 210827 is approved, the generic product described in ANDA No. 210827 would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

**ANSWER**: Paragraph 10 contains conclusions of law to which no response is required. To the extent a response is required, MLL denies that personal jurisdiction is proper in this district. MLL admits that Mylan Pharmaceuticals Inc. filed ANDA No. 210827 on MLL's behalf. MLL denies the remaining allegations in this paragraph.

11. The Court also has personal jurisdiction over Mylan because it has committed, aided, abetted, induced, contributed to, or participated in the commission of the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Cephalon and Eagle, both Delaware corporations.

**ANSWER**: Paragraph 11 contains conclusions of law to which no response is required. To the extent a response is required, MLL denies that personal jurisdiction is proper in this district. MLL denies the remaining allegations in Paragraph 11.

12. Mylan has previously consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs. *See, e.g., Cadence Pharm., Inc., et al. v. Agila Specialties Private Ltd., Inc. & Agila Specialties Inc.*, No. 14-01499-LPS, D.I. 23 (D. Del. June 19, 2015); *Cubist Pharm., Inc. v. Strides, Inc. & Agilia Specialties Private Ltd.*, No. 13-01679-GMS, D.I. 8 (D. Del. Nov. 13, 2013).

**ANSWER**: MLL admits that it has been previously sued in Delaware. MLL denies the remaining allegations in Paragraph 12.

13. In addition, Mylan has purposefully availed itself of this forum by asserting counterclaims in prior cases arising out of the filing of its ANDAs. *See, e.g., Javelin Pharm.,*

*Inc., et al. v. Mylan Labs. Ltd., et al.*, No. 16-00224-LPS, D.I. 15 (D. Del. June 13, 2016); *Fresenius Kabi USA, LLC, et al. v. Mylan Labs. Ltd., et al.*, No. 15-00942-LPS, D.I. 28 (D. Del. June 3, 2016); *Pfizer Inc., et al. v. Mylan Inc., Mylan Labs. Ltd. & Mylan Pharm. Inc.*, No. 15-00026-SLR-SRF, D.I. 150 (D. Del. May 17, 2016); *Millennium Pharm., Inc. v. Onco Therapies Ltd. & Agila Specialties Inc.*, No. 15-00040-GMS, D.I. 13 (D. Del. Apr. 27, 2015); *Cadence Pharm., Inc., et al. v. Agila Specialties Private Ltd., Inc. & Agila Specialties Inc.*, No. 14-01499-LPS, D.I. 23 (D. Del. June 19, 2015); *Cubist Pharm., Inc. v. Strides, Inc. & Agilia Specialties Private Ltd.*, No. 13-01679-GMS, D.I. 8 (D. Del. Nov. 13, 2013).

**ANSWER**: MLL admits that it has been previously sued in Delaware. MLL denies the remaining allegations in Paragraph 13.

14. Alternatively, this Court has jurisdiction over Mylan under FEDERAL RULE OF CIVIL PROCEDURE 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Mylan is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Mylan has sufficient contacts with the United States as a whole, not least through its development of generic drugs for sale in the United States, such that this Court's exercise of jurisdiction over Mylan satisfies due process at least for the reasons alleged herein.

**ANSWER**: Paragraph 14 contains conclusions of law to which no response is required. To the extent a response is required, MLL denies that it is subject to jurisdiction under FEDERAL RULE OF CIVIL PROCEDURE 4(k)(2). MLL consents to venue and jurisdiction in the Northern District of West Virginia.

15. For the above reasons, it would not be unfair or unreasonable for Mylan to litigate this action in this District, and there is personal jurisdiction over Mylan here.

**ANSWER**: Paragraph 15 contains conclusions of law to which no response is required. To the extent a response is required, MLL denies it is subject to personal jurisdiction in this district.

## BACKGROUND

16. BENDEKA®, which contains bendamustine hydrochloride, is an alkylating drug that is indicated for the treatment of patients with chronic lymphocytic leukemia, as well as for the treatment of patients with indolent B-cell non-Hodgkin lymphoma that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen.

**ANSWER**: Upon information and belief, MLL admits that BENDEKA® contains bendamustine hydrochloride. MLL admits that the prescribing information for BENDEKA® states that it is "an alkylating drug indicated for treatment of patients with: Chronic lymphocytic leukemia (CLL)" and "Indolent B-cell non-Hodgkin lymphoma (NHL) that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen." MLL denies the remaining allegations in Paragraph 16.

17. Eagle is the holder of New Drug Application No. 208194 for BENDEKA®, which has been approved by the FDA.

**ANSWER**: MLL admits that Eagle is indicated in the records of the FDA as the holder of NDA No. 208194. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

18. The ‘270 patent, entitled “Bendamustine Pharmaceutical Compositions” (Exhibit A hereto), was duly and legally issued on July 29, 2014. Cephalon, Inc. is the owner and assignee of the ‘270 patent. The ‘270 patent has been listed in connection with BENDEKA® in the FDA’s publication Approved Drug Products with Therapeutic Equivalence Evaluations, also known as the “Orange Book.”

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘270 patent to the Complaint as Exhibit A. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘270 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘270 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

19. The ‘707 patent, entitled “Formulations of Bendamustine” (Exhibit B hereto), was duly and legally issued on December 17, 2013. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘707 patent, subject to the exclusive license referenced herein. The ‘707 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘707 patent to the Complaint as Exhibit B. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘707 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘707 patent was duly and legally issued. MLL is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

20. The ‘831 patent, entitled “Formulations of Bendamustine” (Exhibit C hereto), was duly and legally issued on February 23, 2016. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘831 patent, subject to the exclusive license referenced herein. The ‘831 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘831 patent to the Complaint as Exhibit C. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘831 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘831 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

21. The ‘796 patent, entitled “Formulations of Bendamustine” (Exhibit D hereto), was duly and legally issued on February 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘796 patent, subject to the exclusive license referenced herein. The ‘796 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘796 patent to the Complaint as Exhibit D. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘796 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘796

patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

22. The ‘797 patent, entitled “Formulations of Bendamustine” (Exhibit E hereto), was duly and legally issued on February 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘797 patent, subject to the exclusive license referenced herein. The ‘797 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘797 patent to the Complaint as Exhibit E. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘797 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘797 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

23. The ‘908 patent, entitled “Formulations of Bendamustine” (Exhibit F hereto), was duly and legally issued on May 19, 2015. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘908 patent, subject to the exclusive license referenced herein. The ‘908 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘908 patent to the Complaint as Exhibit F. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘908 patent is listed in the Orange Book in

connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘908 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

24. The ‘568 patent, entitled “Formulations of Bendamustine” (Exhibit G hereto), was duly and legally issued on September 29, 2015. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘568 patent, subject to the exclusive license referenced herein. The ‘568 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘568 patent to the Complaint as Exhibit G. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘568 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘568 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

25. The ‘887 patent, entitled “Formulations of Bendamustine” (Exhibit H hereto), was duly and legally issued on February 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘887 patent, subject to the exclusive license referenced herein. The ‘887 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘887 patent to the Complaint as Exhibit H. MLL further states that the document speaks for itself and is the best

evidence of its contents. MLL admits that the ‘887 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘887 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

26. The ‘397 patent, entitled “Formulations of Bendamustine” (Exhibit I hereto), was duly and legally issued on March 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘397 patent, subject to the exclusive license referenced herein. The ‘397 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘397 patent to the Complaint as Exhibit I. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘397 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘397 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

27. The ‘398 patent, entitled “Formulations of Bendamustine” (Exhibit J hereto), was duly and legally issued on March 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘398 patent, subject to the exclusive license referenced herein. The ‘398 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘398 patent to the Complaint as Exhibit J. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘398 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘398 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

28. The ‘399 patent, entitled “Formulations of Bendamustine” (Exhibit K hereto), was duly and legally issued on March 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the ‘399 patent, subject to the exclusive license referenced herein. The ‘399 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the ‘399 patent to the Complaint as Exhibit K. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the ‘399 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the ‘399 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

29. The ‘021 patent, entitled “Method of Treating Bendamustine-Responsive Conditions in Patients Requiring Reduced Volumes for Administration” (Exhibit L hereto), was duly and legally issued on April 7, 2015. Eagle Pharmaceuticals, Inc. is the owner and assignee

of the '021 patent, subject to the exclusive license referenced herein. The '021 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the '021 patent to the Complaint as Exhibit L. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the '021 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the '021 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

30. The '384 patent, entitled "Method of Treating Bendamustine-Responsive Conditions in Patients Requiring Reduced Volumes for Administration" (Exhibit M hereto), was duly and legally issued on February 28, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the '384 patent, subject to the exclusive license referenced herein. The '384 patent has been listed in connection with BENDEKA® in the Orange Book.

**ANSWER**: MLL admits that Plaintiffs purport to attach a copy of the '384 patent to the Complaint as Exhibit M. MLL further states that the document speaks for itself and is the best evidence of its contents. MLL admits that the '384 patent is listed in the Orange Book in connection with BENDEKA® but deny that it is properly listed. MLL denies that the '384 patent was duly and legally issued. MLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies those allegations.

31. On or around February 13, 2015, Cephalon executed an exclusive license ("the Eagle license") to, *inter alia*, the '707 patent, patent application no. 14/031,879 (which later issued as the '831 patent), patent application no. 13/838,090 (which later issued as the '908 patent), and patent application no. 13/838,267 (which later issued as the '021 patent), and all patent rights claiming priority to those patents or patent applications (which include the '796, '797, '568, '887, '397, '398, '399, and '384 patents), for the commercialization of Eagle's bendamustine hydrochloride rapid infusion product, EP-3102, which became BENDEKA®. The Eagle license provides Cephalon the right to sue for infringement of the licensed patents in the event of, *inter alia*, the filing of an ANDA that makes reference to BENDEKA® and seeks approval before expiry of a licensed patent.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies those allegations.

32. On or around October 14, 2015, Cephalon assigned its rights in the Eagle license to Teva Pharmaceuticals.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies those allegations.

## [ALLEGED] INFRINGEMENT BY MYLAN

33. By letter dated October 30, 2017 (the "Notice Letter"), Mylan notified Teva and Eagle pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA") that Mylan had submitted to the FDA ANDA No. 210827, seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of a generic Bendamustine Hydrochloride Injection,

100 mg /4 mL (25 mg/mL) ("Mylan's ANDA Product") prior to the expiration of the Orange Book patents. Upon information and belief, Mylan's ANDA Product is a drug product that is a generic version of BENDEKA®, containing the same or equivalent ingredients in the same or equivalent amounts.

**ANSWER**: MLL admits that MLL sent to Cephalon, Teva, and Eagle a notice letter dated October 30, 2017 ("the Notice Letter") pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA") that MLL had submitted to the FDA ANDA No. 210827 ("MLL's ANDA Product"). MLL denies any other remaining allegations of paragraph 33.

34. The purpose of Mylan's submission of ANDA No. 210827 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the Orange Book patents.

**ANSWER**: MLL admits that it submitted ANDA No. 210827 with certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA ("Paragraph IV Certification") to obtain approval of MLL's ANDA Product prior to the expiration of the Orange Book patents. MLL denies the remaining allegations of paragraph 34.

35. In the Notice Letter, Mylan also notified Teva and Eagle that, as part of its ANDA No. 210827, Mylan had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA ("Paragraph IV Certification"), with respect to the Orange Book patents. Upon information and belief, Mylan submitted ANDA No. 210827 to the FDA containing a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the Orange Book

patents will not be infringed by the manufacture, use, offer for sale, sale, or importation of Mylan's ANDA Product, or alternatively, that these patents are invalid.

**ANSWER**: MLL admits that it notified Cephalon, Teva, and Eagle that, as part of its ANDA No. 210827, MLL had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA ("Paragraph IV Certification"), with respect to the Orange Book patents. MLL admits that it submitted ANDA No. 210827 to the FDA containing a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the Orange Book patents will not be infringed by MLL's ANDA Product, or alternatively, that these patents are invalid and/or unenforceable.

36. In the Notice Letter, Mylan stated that the active ingredient of Mylan's ANDA Product is bendamustine hydrochloride.

**ANSWER**: MLL admits that, in the Notice Letter, MLL stated that the active ingredient of MLL's ANDA Product is bendamustine hydrochloride.

37. In the Notice Letter, Mylan stated that the proposed dosage strength of Mylan's ANDA Product is 25 mg/mL.

**ANSWER**: MLL admits that, in the Notice Letter, MLL stated that the proposed dosage strength of MLL's ANDA Product is 25 mg/mL.

38. Upon information and belief, Mylan's ANDA Product contains propylene glycol, polyethylene glycol, and monothioglycerol in the same or equivalent amounts as BENDEKA®.

**ANSWER**: Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, MLL is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 38, and on that basis denies those allegations.

39. Upon information and belief, the proposed labeling for Mylan's ANDA Product recommends, instructs, and/or promotes administration to patients with chronic lymphocytic leukemia.

**ANSWER**: MLL denies the allegations of paragraph 39.

40. Upon information and belief, the proposed labeling for Mylan's ANDA Product recommends, instructs, and/or promotes administration of a bendamustine dose of 100 $mg/m^2$ to patients with chronic lymphocytic leukemia.

**ANSWER**: MLL denies the allegations of paragraph 40.

41. Upon information and belief, the proposed labeling for Mylan's ANDA Product recommends, instructs, and/or promotes administration to patients with indolent B-cell non-Hodgkin lymphoma.

**ANSWER**: MLL denies the allegations of paragraph 41.

42. Upon information and belief, the proposed labeling for Mylan's ANDA Product recommends, instructs, and/or promotes administration of a bendamustine dose of 120 $mg/m^2$ to patients with indolent B-cell non-Hodgkin lymphoma.

**ANSWER**: MLL denies the allegations of paragraph 42.

43. Upon information and belief, the proposed labeling for Mylan's ANDA Product recommends, instructs, and/or promotes the administration of Mylan's ANDA product in a volume of about 50 mL or less over a 10-minute period.

**ANSWER**: MLL denies the allegations of paragraph 43.

44. In an exchange of correspondence, counsel for Mylan and counsel for Teva discussed the terms of Teva's Request for Confidential Access. The parties did not timely agree on terms under which Teva could review Mylan's ANDA, and Mylan refused to produce other internal documents and data relevant to infringement.

**ANSWER**: MLL admits that it made an Offer for Confidential Access, and contained standard and reasonable terms. Plaintiffs requested additional materials beyond the ANDA, including, e.g., samples, without providing any legal justification for that request and in contravention of 21 U.S.C. § 355(j)(5)(C)(i)(III). MLL denies the remaining allegations in Paragraph 44.

45. This action is being commenced before the expiration of forty-five days from the date of the receipt of the Notice Letter.

**ANSWER**: MLL admits that this action is being commenced before the expiration of forty-five days from the date of the receipt of the Notice Letter.

## <u>COUNT I — INFRINGEMENT OF U.S. PATENT NO. 8,791,270 UNDER 35 U.S.C. § 271(e)(2)</u>

46. Plaintiffs incorporate each of the preceding paragraphs 1-45 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

47. Notwithstanding Teva's Request for Confidential Access, Mylan has not provided Teva with Mylan's ANDA and other materials relevant to infringement.

**ANSWER**: MLL admits that it made an Offer for Confidential Access, which contained standard and reasonable terms. Plaintiffs requested additional materials beyond the ANDA, including, e.g., samples, without providing any legal justification for that request and in contravention of 21 U.S.C. § 355(j)(5)(C)(i)(III). MLL denies the remaining allegations in Paragraph 47.

48. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '270 patent was an act of infringement of the '270 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 48.

49. In the Notice Letter, Mylan did not contest that at least some of the claims of the '270 patent, including claim 7, cover Mylan's ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 49.

50. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '270 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 50.

51. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

52. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '270 patent.

**ANSWER**: MLL denies the allegations in Paragraph 52.

53. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '270 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 53.

54. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '270 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘270 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 54.

55. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘270 patent, active inducement of infringement of the ‘270 patent, and contribution to the infringement by others of the ‘270 patent.

**ANSWER**: MLL denies the allegations in Paragraph 55.

56. Upon information and belief, Mylan has acted with full knowledge of the ‘270 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘270 patent, actively inducing infringement of the ‘270 patent, and contributing to the infringement by others of the ‘270 patent.

**ANSWER**: MLL denies the allegations in Paragraph 56.

57. Unless Mylan is enjoined from infringing the ‘270 patent, actively inducing infringement of the ‘270 patent, and contributing to the infringement by others of the ‘270 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 57.

## COUNT II — INFRINGEMENT OF U.S. PATENT NO. 8,609,707 UNDER 35 U.S.C. § 271(e)(2)

58. Plaintiffs incorporate each of the preceding paragraphs 1-57 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

59. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '707 patent was an act of infringement of the '707 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 59.

60. In the Notice Letter, Mylan did not contest that at least some of the claims of the '707 patent, including claim 1, cover Mylan's ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 60.

61. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '707 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 61.

62. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

63. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '707 patent.

**ANSWER**: MLL denies the allegations in Paragraph 63.

64. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '707 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 64.

65. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '707 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '707 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 65.

66. The foregoing actions by Mylan constitute and/or will constitute infringement of the '707 patent, active inducement of infringement of the '707 patent, and contribution to the infringement by others of the '707 patent.

**ANSWER**: MLL denies the allegations in Paragraph 66.

67. Upon information and belief, Mylan has acted with full knowledge of the '707 patent and without a reasonable basis for believing that it would not be liable for infringing the '707 patent, actively inducing infringement of the '707 patent, and contributing to the infringement by others of the '707 patent.

**ANSWER**: MLL denies the allegations in Paragraph 67.

68. Unless Mylan is enjoined from infringing the '707 patent, actively inducing infringement of the '707 patent, and contributing to the infringement by others of the '707 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 68.

**COUNT III — INFRINGEMENT OF U.S. PATENT NO. 9,265,831 UNDER 35 U.S.C. § 271(e)(2)**

69. Plaintiffs incorporate each of the preceding paragraphs 1-68 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

70. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '831 patent was an act of infringement of the '831 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 70.

71. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘831 patent, including claim 1, cover Mylan’s ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 71.

72. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan’s ANDA Product would infringe one or more claims of the ‘831 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 72.

73. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan’s ANDA Product immediately and imminently upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

74. Upon information and belief, the use of Mylan’s ANDA Product in accordance with and as directed by Mylan’s proposed labeling for that product would infringe one or more claims of the ‘831 patent.

**ANSWER**: MLL denies the allegations in Paragraph 74.

75. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the ‘831 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 75.

76. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ‘831 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘831 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 76.

77. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘831 patent, active inducement of infringement of the ‘831 patent, and contribution to the infringement by others of the ‘831 patent.

**ANSWER**: MLL denies the allegations in Paragraph 77.

78. Upon information and belief, Mylan has acted with full knowledge of the ‘831 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘831 patent, actively inducing infringement of the ‘831 patent, and contributing to the infringement by others of the ‘831 patent.

**ANSWER**: MLL denies the allegations in Paragraph 78.

79. Unless Mylan is enjoined from infringing the ‘831 patent, actively inducing infringement of the ‘831 patent, and contributing to the infringement by others of the ‘831 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 79.

## COUNT IV — INFRINGEMENT OF U.S. PATENT NO. 9,572,796 UNDER 35 U.S.C. § 271(e)(2)

80. Plaintiffs incorporate each of the preceding paragraphs 1-79 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

81. Mylan’s submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan’s ANDA Product prior to the expiration of the ‘796 patent was an act of infringement of the ‘796 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 81.

82. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘796 patent, including claim 1, cover Mylan’s ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 82.

83. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '796 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 83.

84. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

85. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '796 patent.

**ANSWER**: MLL denies the allegations in Paragraph 85.

86. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '796 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 86.

87. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '796 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘796 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 87.

88. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘796 patent, active inducement of infringement of the ‘796 patent, and contribution to the infringement by others of the ‘796 patent.

**ANSWER**: MLL denies the allegations in Paragraph 88.

89. Upon information and belief, Mylan has acted with full knowledge of the ‘796 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘796 patent, actively inducing infringement of the ‘796 patent, and contributing to the infringement by others of the ‘796 patent.

**ANSWER**: MLL denies the allegations in Paragraph 89.

90. Unless Mylan is enjoined from infringing the ‘796 patent, actively inducing infringement of the ‘796 patent, and contributing to the infringement by others of the ‘796 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 90.

**COUNT V — INFRINGEMENT OF U.S. PATENT**
**NO. 9,572,797 UNDER 35 U.S.C. § 271(e)(2)**

91. Plaintiffs incorporate each of the preceding paragraphs 1-90 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

92. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '797 patent was an act of infringement of the '797 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 92.

93. In the Notice Letter, Mylan did not contest that at least some of the claims of the '797 patent, including claim 1, cover Mylan's ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 93.

94. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '797 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 94.

95. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

96. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '797 patent.

**ANSWER**: MLL denies the allegations in Paragraph 96.

97. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '797 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 97.

98. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '797 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '797 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 98.

99. The foregoing actions by Mylan constitute and/or will constitute infringement of the '797 patent, active inducement of infringement of the '797 patent, and contribution to the infringement by others of the '797 patent.

**ANSWER**: MLL denies the allegations in Paragraph 99.

100. Upon information and belief, Mylan has acted with full knowledge of the '797 patent and without a reasonable basis for believing that it would not be liable for infringing the '797 patent, actively inducing infringement of the '797 patent, and contributing to the infringement by others of the '797 patent.

**ANSWER**: MLL denies the allegations in Paragraph 100.

101. Unless Mylan is enjoined from infringing the '797 patent, actively inducing infringement of the '797 patent, and contributing to the infringement by others of the '797 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 101.

**COUNT VI — INFRINGEMENT OF U.S. PATENT NO. 9,034,908 UNDER 35 U.S.C. § 271(e)(2)**

102. Plaintiffs incorporate each of the preceding paragraphs 1-101 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

103. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '908 patent was an act of infringement of the '908 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 103.

104. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘908 patent, including claim 1, cover the use of Mylan’s ANDA Product as directed by Mylan’s proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 104.

105. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan’s ANDA Product would infringe one or more claims of the ‘908 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 105.

106. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan’s ANDA Product immediately and imminently upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

107. Upon information and belief, the use of Mylan’s ANDA Product in accordance with and as directed by Mylan’s proposed labeling for that product would infringe one or more claims of the ‘908 patent.

**ANSWER**: MLL denies the allegations in Paragraph 107.

108. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the ‘908 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 108.

109. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ‘908 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘908 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 109.

110. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘908 patent, active inducement of infringement of the ‘908 patent, and contribution to the infringement by others of the ‘908 patent.

**ANSWER**: MLL denies the allegations in Paragraph 110.

111. Upon information and belief, Mylan has acted with full knowledge of the ‘908 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘908 patent, actively inducing infringement of the ‘908 patent, and contributing to the infringement by others of the ‘908 patent.

**ANSWER**: MLL denies the allegations in Paragraph 111.

112. Unless Mylan is enjoined from infringing the ‘908 patent, actively inducing infringement of the ‘908 patent, and contributing to the infringement by others of the ‘908 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 112.

**COUNT VII — INFRINGEMENT OF U.S. PATENT NO. 9,144,568 UNDER 35 U.S.C. § 271(e)(2)**

113. Plaintiffs incorporate each of the preceding paragraphs 1-112 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

114. Mylan’s submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan’s ANDA Product prior to the expiration of the ‘568 patent was an act of infringement of the ‘568 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 114.

115. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘568 patent, including claim 1, cover the use of Mylan’s ANDA Product as directed by Mylan’s proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 115.

116. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '568 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 116.

117. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

118. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '568 patent.

**ANSWER**: MLL denies the allegations in Paragraph 118.

119. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '568 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 119.

120. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '568 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘568 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 120.

121. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘568 patent, active inducement of infringement of the ‘568 patent, and contribution to the infringement by others of the ‘568 patent.

**ANSWER**: MLL denies the allegations in Paragraph 121.

122. Upon information and belief, Mylan has acted with full knowledge of the ‘568 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘568 patent, actively inducing infringement of the ‘568 patent, and contributing to the infringement by others of the ‘568 patent.

**ANSWER**: MLL denies the allegations in Paragraph 122.

123. Unless Mylan is enjoined from infringing the ‘568 patent, actively inducing infringement of the ‘568 patent, and contributing to the infringement by others of the ‘568 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 123.

**COUNT VIII — INFRINGEMENT OF U.S. PATENT NO. 9,572,887 UNDER 35 U.S.C. § 271(e)(2)**

124. Plaintiffs incorporate each of the preceding paragraphs 1-123 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

125. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '887 patent was an act of infringement of the '887 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 125.

126. In the Notice Letter, Mylan did not contest that at least some of the claims of the '887 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 126.

127. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '887 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 127.

128. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

129. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '887 patent.

**ANSWER**: MLL denies the allegations in Paragraph 129.

130. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '887 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 130.

131. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '887 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '887 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 131.

132. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘887 patent, active inducement of infringement of the ‘887 patent, and contribution to the infringement by others of the ‘887 patent.

**ANSWER**: MLL denies the allegations in Paragraph 132.

133. Upon information and belief, Mylan has acted with full knowledge of the ‘887 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘887 patent, actively inducing infringement of the ‘887 patent, and contributing to the infringement by others of the ‘887 patent.

**ANSWER**: MLL denies the allegations in Paragraph 133.

134. Unless Mylan is enjoined from infringing the ‘887 patent, actively inducing infringement of the ‘887 patent, and contributing to the infringement by others of the ‘887 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 134.

**COUNT IX — INFRINGEMENT OF U.S. PATENT NO. 9,597,397 UNDER 35 U.S.C. § 271(e)(2)**

135. Plaintiffs incorporate each of the preceding paragraphs 1-134 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

136. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '397 patent was an act of infringement of the '397 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 136.

137. In the Notice Letter, Mylan did not contest that at least some of the claims of the '397 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 137.

138. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '397 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 138.

139. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

140. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '397 patent.

**ANSWER**: MLL denies the allegations in Paragraph 140.

141. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '397 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 141.

142. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '397 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '397 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 142.

143. The foregoing actions by Mylan constitute and/or will constitute infringement of the '397 patent, active inducement of infringement of the '397 patent, and contribution to the infringement by others of the '397 patent.

**ANSWER**: MLL denies the allegations in Paragraph 143.

144. Upon information and belief, Mylan has acted with full knowledge of the '397 patent and without a reasonable basis for believing that it would not be liable for infringing the '397 patent, actively inducing infringement of the '397 patent, and contributing to the infringement by others of the '397 patent.

**ANSWER**: MLL denies the allegations in Paragraph 144.

145. Unless Mylan is enjoined from infringing the '397 patent, actively inducing infringement of the '397 patent, and contributing to the infringement by others of the '397 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 145.

**COUNT X — INFRINGEMENT OF U.S. PATENT NO. 9,597,398 UNDER 35 U.S.C. § 271(e)(2)**

146. Plaintiffs incorporate each of the preceding paragraphs 1-145 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

147. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '398 patent was an act of infringement of the '398 patent under 35 U.S.C. § 271 (e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 147.

148. In the Notice Letter, Mylan did not contest that at least some of the claims of the '398 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 148.

149. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '398 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 149.

150. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

151. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '398 patent.

**ANSWER**: MLL denies the allegations in Paragraph 151.

152. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the ‘398 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 152.

153. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ‘398 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘398 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 153.

154. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘398 patent, active inducement of infringement of the ‘398 patent, and contribution to the infringement by others of the ‘398 patent.

**ANSWER**: MLL denies the allegations in Paragraph 154.

155. Upon information and belief, Mylan has acted with full knowledge of the ‘398 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘398 patent, actively inducing infringement of the ‘398 patent, and contributing to the infringement by others of the ‘398 patent.

**ANSWER**: MLL denies the allegations in Paragraph 155.

156. Unless Mylan is enjoined from infringing the ‘398 patent, actively inducing infringement of the ‘398 patent, and contributing to the infringement by others of the ‘398 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 156.

**COUNT XI — INFRINGEMENT OF U.S. PATENT NO. 9,597,399 UNDER 35 U.S.C. § 271(e)(2)**

157. Plaintiffs incorporate each of the preceding paragraphs 1-156 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

158. Mylan’s submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan’s ANDA Product prior to the expiration of the ‘399 patent was an act of infringement of the ‘399 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 158.

159. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘399 patent, including claim 1, cover the use of Mylan’s ANDA Product as directed by Mylan’s proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 159.

160. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '399 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 160.

161. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

162. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '399 patent.

**ANSWER**: MLL denies the allegations in Paragraph 162.

163. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '399 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 163.

164. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '399 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘399 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 164.

165. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘399 patent, active inducement of infringement of the ‘399 patent, and contribution to the infringement by others of the ‘399 patent.

**ANSWER**: MLL denies the allegations in Paragraph 165.

166. Upon information and belief, Mylan has acted with full knowledge of the ‘399 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘399 patent, actively inducing infringement of the ‘399 patent, and contributing to the infringement by others of the ‘399 patent.

**ANSWER**: MLL denies the allegations in Paragraph 166.

167. Unless Mylan is enjoined from infringing the ‘399 patent, actively inducing infringement of the ‘399 patent, and contributing to the infringement by others of the ‘399 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 167.

## COUNT XII — INFRINGEMENT OF U.S. PATENT NO. 9,000,021 UNDER 35 U.S.C. § 271(e)(2)

168. Plaintiffs incorporate each of the preceding paragraphs 1-167 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

169. Notwithstanding Teva's Request for Confidential Access, Mylan has not provided Teva with Mylan's ANDA and other materials relevant to infringement.

**ANSWER**: MLL admits that it made an Offer for Confidential Access, which contained standard and reasonable terms. Plaintiffs requested additional materials beyond the ANDA, including, e.g., samples, without providing any legal justification for that request and in contravention of 21 U.S.C. § 355(j)(5)(C)(i)(III). Plaintiffs thereafter refused Mylan's reasonable terms because, *inter alia*, Mylan would not provide samples. MLL denies the remaining allegations in Paragraph 169.

170. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '021 patent was an act of infringement of the '021 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 170.

171. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '021 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 171.

172. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

173. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '021 patent.

**ANSWER**: MLL denies the allegations in Paragraph 173.

174. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '021 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 174.

175. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '021 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '021 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 175.

176. The foregoing actions by Mylan constitute and/or will constitute infringement of the '021 patent, active inducement of infringement of the '021 patent, and contribution to the infringement by others of the '021 patent.

**ANSWER**: MLL denies the allegations in Paragraph 176.

177. Upon information and belief, Mylan has acted with full knowledge of the '021 patent and without a reasonable basis for believing that it would not be liable for infringing the '021 patent, actively inducing infringement of the '021 patent, and contributing to the infringement by others of the '021 patent.

**ANSWER**: MLL denies the allegations in Paragraph 177.

178. Unless Mylan is enjoined from infringing the '021 patent, actively inducing infringement of the '021 patent, and contributing to the infringement by others of the '021 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 178.

**COUNT XIII — INFRINGEMENT OF U.S. PATENT NO. 9,579,384 UNDER 35 U.S.C. § 271(e)(2)**

179. Plaintiffs incorporate each of the preceding paragraphs 1-178 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

180. Mylan's submission of ANDA No. 210827 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product prior to the expiration of the '384 patent was an act of infringement of the '384 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: MLL denies the allegations in Paragraph 180.

181. In the Notice Letter, Mylan did not contest that at least some of the claims of the '384 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 181.

182. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '384 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 182.

183. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

184. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '384 patent.

**ANSWER**: MLL denies the allegations in Paragraph 184.

185. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '384 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 185.

186. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '384 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '384 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 186.

187. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘384 patent, active inducement of infringement of the ‘384 patent, and contribution to the infringement by others of the ‘384 patent.

**ANSWER**: MLL denies the allegations in Paragraph 187.

188. Upon information and belief, Mylan has acted with full knowledge of the ‘384 patent and without a reasonable basis for believing that it would not be liable for infringing the ‘384 patent, actively inducing infringement of the ‘384 patent, and contributing to the infringement by others of the ‘384 patent.

**ANSWER**: MLL denies the allegations in Paragraph 188.

189. Unless Mylan is enjoined from infringing the ‘384 patent, actively inducing infringement of the ‘384 patent, and contributing to the infringement by others of the ‘384 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 189.

## COUNT XIV — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,791,270

190. Plaintiffs incorporate each of the preceding paragraphs 1-189 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

191. Notwithstanding Teva's Request for Confidential Access, Mylan has not provided Teva with Mylan's ANDA and other materials relevant to infringement.

**ANSWER**: MLL admits that it made an Offer for Confidential Access, which contained standard and reasonable terms. Plaintiffs requested additional materials beyond the ANDA, including, e.g., samples, without providing any legal justification for that request and in contravention of 21 U.S.C. § 355(j)(5)(C)(i)(III). Plaintiffs thereafter refused Mylan's reasonable terms because, *inter alia*, Mylan would not provide samples. MLL denies the remaining allegations in Paragraph 191.

192. Mylan has knowledge of the '270 patent.

**ANSWER**: MLL admits the allegations in Paragraph 192.

193. In the Notice Letter, Mylan did not contest that at least some of the claims of the '270 patent, including claim 7, cover Mylan's ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 193.

194. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '270 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 194.

195. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

196. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '270 patent.

**ANSWER**: MLL denies the allegations in Paragraph 196.

197. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '270 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 197.

198. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '270 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '270 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 198.

199. The foregoing actions by Mylan constitute and/or will constitute infringement of the '270 patent, active inducement of infringement of the '270 patent, and contribution to the infringement by others of the '270 patent.

**ANSWER**: MLL denies the allegations in Paragraph 199.

200. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the '270 patent, actively inducing infringement of the '270 patent, and contributing to the infringement by others of the '270 patent.

**ANSWER**: MLL denies the allegations in Paragraph 200.

201. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the '270 patent and whether one or more claims of the '270 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 201.

202. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '270 patent and that the claims of the '270 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 202.

203. Mylan should be enjoined from infringing the ‘270 patent, actively inducing infringement of the ‘270 patent, and contributing to the infringement by others of the 8’270 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 203.

## COUNT XV — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,609,707

204. Plaintiffs incorporate each of the preceding paragraphs 1-203 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

205. Mylan has knowledge of the ‘707 patent.

**ANSWER**: MLL admits the allegations in Paragraph 205.

206. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘707 patent, including claim 1, cover Mylan’s ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 206.

207. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '707 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 207.

208. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

209. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '707 patent.

**ANSWER**: MLL denies the allegations in Paragraph 209.

210. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '707 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 210.

211. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '707 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘707 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 211.

212. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘707 patent, active inducement of infringement of the ‘707 patent, and contribution to the infringement by others of the ‘707 patent.

**ANSWER**: MLL denies the allegations in Paragraph 212.

213. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘707 patent, actively inducing infringement of the ‘707 patent, and contributing to the infringement by others of the ‘707 patent.

**ANSWER**: MLL denies the allegations in Paragraph 213.

214. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan’s manufacture, use, sale, offer for sale, or importation into the United States of Mylan’s ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the ‘707 patent and whether one or more claims of the ‘707 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 214.

215. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '707 patent and that the claims of the '707 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 215.

216. Mylan should be enjoined from infringing the '707 patent, actively inducing infringement of the '707 patent, and contributing to the infringement by others of the '707 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 216.

**COUNT XVI — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,265,831**

217. Plaintiffs incorporate each of the preceding paragraphs 1-216 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

218. Mylan has knowledge of the '831 patent.

**ANSWER**: MLL admits the allegations in Paragraph 218.

219. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘831 patent, including claim 1, cover Mylan’s ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 219.

220. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan’s ANDA Product would infringe one or more claims of the ‘831 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 220.

221. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan’s ANDA Product immediately and imminently upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

222. Upon information and belief, the use of Mylan’s ANDA Product in accordance with and as directed by Mylan’s proposed labeling for that product would infringe one or more claims of the ‘831 patent.

**ANSWER**: MLL denies the allegations in Paragraph 222.

223. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '831 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 223.

224. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '831 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '831 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 224.

225. The foregoing actions by Mylan constitute and/or will constitute infringement of the '831 patent, active inducement of infringement of the '831 patent, and contribution to the infringement by others of the '831 patent.

**ANSWER**: MLL denies the allegations in Paragraph 225.

226. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the '831 patent, actively inducing infringement of the '831 patent, and contributing to the infringement by others of the '831 patent.

**ANSWER**: MLL denies the allegations in Paragraph 226.

227. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the '831 patent and whether one or more claims of the '831 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 227.

228. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '831 patent and that the claims of the '831 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 228.

229. Mylan should be enjoined from infringing the '831 patent, actively inducing infringement of the '831 patent, and contributing to the infringement by others of the '831 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 229.

**COUNT XVII — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,572,796**

230. Plaintiffs incorporate each of the preceding paragraphs 1-229 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

231. Mylan has knowledge of the '796 patent.

**ANSWER**: MLL admits the allegations in Paragraph 231.

232. In the Notice Letter, Mylan did not contest that at least some of the claims of the '796 patent, including claim 1, cover Mylan's ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 232.

233. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '796 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 233.

234. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

235. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '796 patent.

**ANSWER**: MLL denies the allegations in Paragraph 235.

236. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '796 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 236.

237. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '796 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '796 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 237.

238. The foregoing actions by Mylan constitute and/or will constitute infringement of the '796 patent, active inducement of infringement of the '796 patent, and contribution to the infringement by others of the '796 patent.

**ANSWER**: MLL denies the allegations in Paragraph 238.

239. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘796 patent, actively inducing infringement of the ‘796 patent, and contributing to the infringement by others of the ‘796 patent.

**ANSWER**: MLL denies the allegations in Paragraph 239.

240. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan’s manufacture, use, sale, offer for sale, or importation into the United States of Mylan’s ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the ‘796 patent and whether one or more claims of the ‘796 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 240.

241. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan’s ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the ‘796 patent and that the claims of the ‘796 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 241.

242. Mylan should be enjoined from infringing the ‘796 patent, actively inducing infringement of the ‘796 patent, and contributing to the infringement by others of the ‘796 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 242.

## COUNT XVIII — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,572,797

243. Plaintiffs incorporate each of the preceding paragraphs 1-242 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

244. Mylan has knowledge of the ‘797 patent.

**ANSWER**: MLL admits the allegations in Paragraph 244.

245. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘797 patent, including claim 1, cover Mylan’s ANDA Product.

**ANSWER**: MLL denies the allegations in Paragraph 245.

246. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '797 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 246.

247. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

248. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '797 patent.

**ANSWER**: MLL denies the allegations in Paragraph 248.

249. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '797 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 249.

250. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '797 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘797 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 250.

251. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘797 patent, active inducement of infringement of the ‘797 patent, and contribution to the infringement by others of the ‘797 patent.

**ANSWER**: MLL denies the allegations in Paragraph 251.

252. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘797 patent, actively inducing infringement of the ‘797 patent, and contributing to the infringement by others of the ‘797 patent.

**ANSWER**: MLL denies the allegations in Paragraph 252.

253. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan’s manufacture, use, sale, offer for sale, or importation into the United States of Mylan’s ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the ‘797 patent and whether one or more claims of the ‘797 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 253.

254. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '797 patent and that the claims of the '797 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 254.

255. Mylan should be enjoined from infringing the '797 patent, actively inducing infringement of the '797 patent, and contributing to the infringement by others of the '797 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 255.

**COUNT XIX — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,034,908**

256. Plaintiffs incorporate each of the preceding paragraphs 1-255 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

257. Mylan has knowledge of the '908 patent.

**ANSWER**: MLL admits the allegations in Paragraph 257.

258. In the Notice Letter, Mylan did not contest that at least some of the claims of the '908 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 258.

259. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '908 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 259.

260. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

261. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '908 patent.

**ANSWER**: MLL denies the allegations in Paragraph 261.

262. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the ‘908 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 262.

263. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ‘908 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘908 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 263.

264. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘908 patent, active inducement of infringement of the ‘908 patent, and contribution to the infringement by others of the ‘908 patent.

**ANSWER**: MLL denies the allegations in Paragraph 264.

265. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘908 patent, actively inducing infringement of the ‘908 patent, and contributing to the infringement by others of the ‘908 patent.

**ANSWER**: MLL denies the allegations in Paragraph 265.

266. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the '908 patent and whether one or more claims of the '908 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 266.

267. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '908 patent and that the claims of the '908 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 267.

268. Mylan should be enjoined from infringing the '908 patent, actively inducing infringement of the '908 patent, and contributing to the infringement by others of the '908 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 268.

## COUNT XX — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,144,568

269. Plaintiffs incorporate each of the preceding paragraphs 1-268 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

270. Mylan has knowledge of the '568 patent.

**ANSWER**: MLL admits the allegations in Paragraph 270.

271. In the Notice Letter, Mylan did not contest that at least some of the claims of the '568 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 271.

272. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '568 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 272.

273. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

274. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '568 patent.

**ANSWER**: MLL denies the allegations in Paragraph 274.

275. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '568 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 275.

276. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '568 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '568 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 276.

277. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘568 patent, active inducement of infringement of the ‘568 patent, and contribution to the infringement by others of the ‘568 patent.

**ANSWER**: MLL denies the allegations in Paragraph 277.

278. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘568 patent, actively inducing infringement of the ‘568 patent, and contributing to the infringement by others of the ‘568 patent.

**ANSWER**: MLL denies the allegations in Paragraph 278.

279. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan’s manufacture, use, sale, offer for sale, or importation into the United States of Mylan’s ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the ‘568 patent and whether one or more claims of the ‘568 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 279.

280. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan’s ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the ‘568 patent and that the claims of the ‘568 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 280.

281. Mylan should be enjoined from infringing the '568 patent, actively inducing infringement of the '568 patent, and contributing to the infringement by others of the '568 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 281.

## COUNT XXI — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,572,887

282. Plaintiffs incorporate each of the preceding paragraphs 1-281 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

283. Mylan has knowledge of the '887 patent.

**ANSWER**: MLL admits the allegations in Paragraph 283.

284. In the Notice Letter, Mylan did not contest that at least some of the claims of the '887 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 284.

285. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '887 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 285.

286. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

287. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '887 patent.

**ANSWER**: MLL denies the allegations in Paragraph 287.

288. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '887 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 288.

289. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '887 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘887 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 289.

290. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘887 patent, active inducement of infringement of the ‘887 patent, and contribution to the infringement by others of the ‘887 patent.

**ANSWER**: MLL denies the allegations in Paragraph 290.

291. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘887 patent, actively inducing infringement of the ‘887 patent, and contributing to the infringement by others of the ‘887 patent.

**ANSWER**: MLL denies the allegations in Paragraph 291.

292. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan’s manufacture, use, sale, offer for sale, or importation into the United States of Mylan’s ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the ‘887 patent and whether one or more claims of the ‘887 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 292.

293. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '887 patent and that the claims of the '887 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 293.

294. Mylan should be enjoined from infringing the '887 patent, actively inducing infringement of the '887 patent, and contributing to the infringement by others of the '887 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 294.

**COUNT XXII — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,597,397**

295. Plaintiffs incorporate each of the preceding paragraphs 1-294 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

296. Mylan has knowledge of the '397 patent.

**ANSWER**: MLL admits the allegations in Paragraph 296.

297. In the Notice Letter, Mylan did not contest that at least some of the claims of the '397 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 297.

298. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '397 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 298.

299. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

300. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '397 patent.

**ANSWER**: MLL denies the allegations in Paragraph 300.

301. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the ‘397 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 301.

302. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ‘397 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘397 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 302.

303. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘397 patent, active inducement of infringement of the ‘397 patent, and contribution to the infringement by others of the ‘397 patent.

**ANSWER**: MLL denies the allegations in Paragraph 303.

304. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘397 patent, actively inducing infringement of the ‘397 patent, and contributing to the infringement by others of the ‘397 patent.

**ANSWER**: MLL denies the allegations in Paragraph 304.

305. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the '397 patent and whether one or more claims of the '397 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 305.

306. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '397 patent and that the claims of the '397 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 306.

307. Mylan should be enjoined from infringing the '397 patent, actively inducing infringement of the '397 patent, and contributing to the infringement by others of the '397 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 307.

**COUNT XXIII — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,597,398**

308. Plaintiffs incorporate each of the preceding paragraphs 1-307 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

309. Mylan has knowledge of the '398 patent.

**ANSWER**: MLL admits the allegations in Paragraph 309.

310. In the Notice Letter, Mylan did not contest that at least some of the claims of the '398 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 310.

311. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '398 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 311.

312. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

313. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '398 patent.

**ANSWER**: MLL denies the allegations in Paragraph 313.

314. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '398 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 314.

315. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '398 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '398 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 315.

316. The foregoing actions by Mylan constitute and/or will constitute infringement of the '398 patent, active inducement of infringement of the '398 patent, and contribution to the infringement by others of the '398 patent.

**ANSWER**: MLL denies the allegations in Paragraph 316.

317. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the '398 patent, actively inducing infringement of the '398 patent, and contributing to the infringement by others of the '398 patent.

**ANSWER**: MLL denies the allegations in Paragraph 317.

318. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the '398 patent and whether one or more claims of the '398 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 318.

319. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '398 patent and that the claims of the '398 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 319.

320. Mylan should be enjoined from infringing the ‘398 patent, actively inducing infringement of the ‘398 patent, and contributing to the infringement by others of the ‘398 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 320.

## COUNT XXIV — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,597,399

321. Plaintiffs incorporate each of the preceding paragraphs 1-320 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

322. Mylan has knowledge of the ‘399 patent.

**ANSWER**: MLL admits the allegations in Paragraph 322.

323. In the Notice Letter, Mylan did not contest that at least some of the claims of the ‘399 patent, including claim 1, cover the use of Mylan’s ANDA Product as directed by Mylan’s proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 323.

324. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '399 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 324.

325. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

326. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '399 patent.

**ANSWER**: MLL denies the allegations in Paragraph 326.

327. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '399 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 327.

328. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '399 patent, and that

its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘399 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 328.

329. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘399 patent, active inducement of infringement of the ‘399 patent, and contribution to the infringement by others of the ‘399 patent.

**ANSWER**: MLL denies the allegations in Paragraph 329.

330. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘399 patent, actively inducing infringement of the ‘399 patent, and contributing to the infringement by others of the ‘399 patent.

**ANSWER**: MLL denies the allegations in Paragraph 330.

331. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan’s manufacture, use, sale, offer for sale, or importation into the United States of Mylan’s ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the ‘399 patent and whether one or more claims of the ‘399 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 331.

332. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '399 patent and that the claims of the '399 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 332.

333. Mylan should be enjoined from infringing the '399 patent, actively inducing infringement of the '399 patent, and contributing to the infringement by others of the '399 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 333.

**COUNT XXV — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,000,021**

334. Plaintiffs incorporate each of the preceding paragraphs 1-333 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

335. Notwithstanding Teva's Request for Confidential Access, Mylan has not provided Teva with Mylan's ANDA and other materials relevant to infringement.

**ANSWER**: MLL admits that it made an Offer for Confidential Access, which contained standard and reasonable terms. Plaintiffs requested additional materials beyond the ANDA, including, e.g., samples, without providing any legal justification for that request and in contravention of 21

U.S.C. § 355(j)(5)(C)(i)(III). Plaintiffs thereafter refused Mylan's reasonable terms because, *inter alia*, Mylan would not provide samples. MLL denies the remaining allegations in Paragraph 335.

336. Mylan has knowledge of the '021 patent.

**ANSWER**: MLL admits the allegations in Paragraph 336.

337. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '021 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 337.

338. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

339. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '021 patent.

**ANSWER**: MLL denies the allegations in Paragraph 339.

340. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the ‘021 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 340.

341. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ‘021 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the ‘021 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 341.

342. The foregoing actions by Mylan constitute and/or will constitute infringement of the ‘021 patent, active inducement of infringement of the ‘021 patent, and contribution to the infringement by others of the ‘021 patent.

**ANSWER**: MLL denies the allegations in Paragraph 342.

343. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the ‘021 patent, actively inducing infringement of the ‘021 patent, and contributing to the infringement by others of the ‘021 patent.

**ANSWER**: MLL denies the allegations in Paragraph 343.

344. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the '021 patent and whether one or more claims of the '021 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 344.

345. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '021 patent and that the claims of the '021 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 345.

346. Mylan should be enjoined from infringing the '021 patent, actively inducing infringement of the '021 patent, and contributing to the infringement by others of the '021 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 346.

**COUNT XXVI — DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,579,384**

347. Plaintiffs incorporate each of the preceding paragraphs 1-346 as if fully set forth herein.

**ANSWER**: MLL incorporates by reference and realleges each of the responses in the foregoing Paragraphs as if set forth specifically here.

348. Mylan has knowledge of the '384 patent.

**ANSWER**: MLL admits the allegations in Paragraph 348.

349. In the Notice Letter, Mylan did not contest that at least some of the claims of the '384 patent, including claim 1, cover the use of Mylan's ANDA Product as directed by Mylan's proposed labeling.

**ANSWER**: MLL denies the allegations in Paragraph 349.

350. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product would infringe one or more claims of the '384 patent, either literally or under the doctrine of equivalents.

**ANSWER**: MLL denies the allegations in Paragraph 350.

351. Upon information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 210827.

**ANSWER**: MLL is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the allegations.

352. Upon information and belief, the use of Mylan's ANDA Product in accordance with and as directed by Mylan's proposed labeling for that product would infringe one or more claims of the '384 patent.

**ANSWER**: MLL denies the allegations in Paragraph 352.

353. Upon information and belief, Mylan plans and intends to, and will, actively induce infringement of the '384 patent when ANDA No. 210827 is approved, and plans and intends to, and will, do so after approval.

**ANSWER**: MLL denies the allegations in Paragraph 353.

354. Upon information and belief, Mylan knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '384 patent, and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Mylan plans and intends to, and will, contribute to infringement of the '384 patent after approval of ANDA No. 210827.

**ANSWER**: MLL denies the allegations in Paragraph 354.

355. The foregoing actions by Mylan constitute and/or will constitute infringement of the '384 patent, active inducement of infringement of the '384 patent, and contribution to the infringement by others of the '384 patent.

**ANSWER**: MLL denies the allegations in Paragraph 355.

356. Upon information and belief, Mylan has acted without a reasonable basis for believing that it would not be liable for infringing the '384 patent, actively inducing infringement of the '384 patent, and contributing to the infringement by others of the '384 patent.

**ANSWER**: MLL denies the allegations in Paragraph 356.

357. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Mylan regarding whether Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product with its proposed labeling according to ANDA No. 210827 will infringe one or more claims of the '384 patent and whether one or more claims of the '384 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 357.

358. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Mylan's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '384 patent and that the claims of the '384 patent are valid.

**ANSWER**: MLL denies the allegations in Paragraph 358.

359. Mylan should be enjoined from infringing the '384 patent, actively inducing infringement of the '384 patent, and contributing to the infringement by others of the '384

patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: MLL denies the allegations in Paragraph 359.

## GENERAL DENIAL

Any allegation in Plaintiffs' Complaint not expressly admitted by MLL are hereby denied. Having answered Plaintiffs' Complaint, MLL denies that Plaintiffs are entitled to the relief requested in Plaintiffs' Prayer for Relief or to any relief whatsoever.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer, and without admitting any allegations of the Complaint not expressly admitted, MLL asserts the following separate defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest with Plaintiffs.

### FIRST SEPARATE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The Court does not have subject matter jurisdiction over Plaintiffs' claims against MLL under 35 U.S.C. § 271(a), (b), (c) and/or (g) because there is no real and immediate case or controversy because MLL's ANDA No. 210827 has not been approved.

### THIRD SEPARATE DEFENSE

Plaintiffs have failed to state a cause of action under 35 U.S.C. § 271(a), (b), (c), and/or (g) against MLL because the Plaintiffs have not pleaded with particularity facts regarding any post-ANDA approval activities that can give rise to liability under those sections.

**FOURTH SEPARATE DEFENSE**

The claims of the ‘270 patent, the ‘707 patent, the ‘831 patent, the ‘796 patent, the ‘797 patent, the ‘908 patent, the ‘568 patent, the ‘887 patent, the ‘397 patent, the ‘398 patent, the ‘399 patent, ‘021 patent, and the ‘384 patent are invalid under 35 U.S.C. § 101. For example, one or more claims of the ‘270 patent, ‘707 patent, ‘831 patent, ‘796 patent, ‘797 patent, ‘908 patent, ‘568 patent, ‘887 patent, ‘397 patent, ‘398 patent, ‘399 patent, ‘021 patent, and ‘384 patent are directed to patent-ineligible subject matter.

**FIFTH SEPARATE DEFENSE**

The claims of the ‘270 patent, the ‘707 patent, the ‘831 patent, the ‘796 patent, the ‘797 patent, the ‘908 patent, the ‘568 patent, the ‘887 patent, the ‘397 patent, the ‘398 patent, the ‘399 patent, ‘021 patent, and the ‘384 patent are invalid under 35 U.S.C. § 102 as anticipated by one or more prior art references, including prior sales, and for at least the reasons set forth in the detailed factual and legal statement accompanying MLL’s Notice Letter to Plaintiffs.

**SIXTH SEPARATE DEFENSE**

The claims of the ‘270 patent, the ‘707 patent, the ‘831 patent, the ‘796 patent, the ‘797 patent, the ‘908 patent, the ‘568 patent, the ‘887 patent, the ‘397 patent, the ‘398 patent, the ‘399 patent, ‘021 patent, and the ‘384 patent are invalid under 35 U.S.C. § 103 as obvious in view of one or more prior art references, including prior sales, and for at least the reasons set forth in the detailed factual and legal statement accompanying MLL’s Notice Letter to Plaintiffs.

**SEVENTH SEPARATE DEFENSE**

The claims of the ‘270 patent, the ‘707 patent, the ‘831 patent, the ‘796 patent, the ‘797 patent, the ‘908 patent, the ‘568 patent, the ‘887 patent, the ‘397 patent, the ‘398 patent, the ‘399 patent, ‘021 patent, and the ‘384 patent are invalid under 35 U.S.C. § 112 for lack of enablement,

written description and indefiniteness, and for at least the reasons set forth in the detailed factual and legal statement accompanying MLL's Notice Letter to Plaintiffs.

**EIGHTH SEPARATE DEFENSE**

MLL has not directly or indirectly infringed the '270 patent, the '707 patent, the '831 patent, the '796 patent, the '797 patent, the '908 patent, the '568 patent, the '887 patent, the '397 patent, the '398 patent, the '399 patent, '021 patent, and the '384 patent. The manufacture, use, offer for sale, sale, and/or importation of the products that are the subject of MLL's ANDA No. 210827 does not and will not infringe any valid or enforceable claim of the '270 patent, the '707 patent, the '831 patent, the '796 patent, the '797 patent, the '908 patent, the '568 patent, the '887 patent, the '397 patent, the '398 patent, the '399 patent, '021 patent, and the '384 patent, either literally or under the doctrine of equivalents.

**NINTH SEPARATE DEFENSE**

MLL is not subject to personal jurisdiction in the District of Delaware.

**TENTH SEPARATE DEFENSE**

Venue is improper in the District of Delaware.

**RESERVATION OF DEFENSES**

MLL reserves all defenses, at law or equity, which may now exist or in the future be available on discovery and further factual investigation in this case.

Dated: February 14, 2018

DEVLIN LAW FIRM LLC

By: */s/ James M. Lennon*

James M. Lennon (#4570)
jlennon@devlinlawfirm.com
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Tel: (302) 449-9010

*Of Counsel:*
Nicole Stafford
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Tel: (512) 338-5400
nstafford@wsgr.com

*Attorneys for Mylan Laboratories Limited*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 14, 2018, I electronically filed the above document with the Clerk of Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

*<u>/s/ James M. Lennon</u>*
James M. Lennon